UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ALLEN COUDRON,                    Case No. 21-11945
                      Plaintiff,
v.                                      Shalina D. Kumar
                                        United States District Judge
ROBEL ABRAHAM d/b/a
ABRAHAM and HABTEAB                     Curtis Ivy, Jr.
TESFAMARIAM,                            United States Magistrate Judge
                      Defendants.
_____/

**ORDER GRANTING MOTION TO COMPEL PHYSICAL
EXAMINATIONS OF PLAINTIFF (ECF No. 38)**

On June 12, 2023, Defendants moved to compel Plaintiff to attend two

independent medical examinations.  This matter was referred to undersigned for

discovery disputes.  Though Defendants' statement of seeking concurrence says

that Plaintiff does not concur in relief sought, Plaintiff did not oppose the motion.

Pursuant to Fed. R. Civ. P. 35, the Court may order a plaintiff, on good

cause shown, to submit to an independent medical examination when the plaintiff's

"mental or physical condition . . . is in controversy."  Fed. R. Civ. P. 35(a)(1) and

(2)(A).  Plaintiff alleges he was involved in a vehicle accident, for which he sues

Defendants, and suffered serious injuries and impairments as a result, for which he

seeks damages.  (ECF No. 1).  Plaintiff's physical condition is in controversy.

According to Defendants, they properly noticed two medical examinations to occur on separate dates in June 2023, one with Defendants' retained expert and the other with an orthopedic surgeon. Plaintiff failed to attend either examination without notice that he could not attend. Defendants were charged no-show fees of $675 and $1,050. Plaintiff's counsel was advised before the examinations that a no-show fee would be imposed if Plaintiff failed to appear.

Defendants seek an order compelling Plaintiff to attend both medical examinations and to pay the no-show fees.

The motion is **GRANTED**. Plaintiff's medical condition is in controversy, and Defendants are entitled to the examinations to determine the extent of the injuries and to determine proximate cause. And as noted, Plaintiff did not file an opposition brief, so there is no explanation why this Court should not grant the motion. Plaintiff **must appear** at the two independent medical examinations and **must pay** the no-show fees Defendants incurred because of his absence from the prior scheduled examinations. These examinations must occur, depending on doctor availability, **within 21 days** of this Order. If Plaintiff fails to appear for one or both of the examinations without 24-hour notice, he will be subject to further sanctions.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: July 14, 2023                         s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge